UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                   Case No. 12-cr-20052
                                      Hon. Steven J. Murphy, III

D-1   CARLOS ELLIS POWELL,
D-2   ERIC JEROME POWELL,
D-5   ERNEST LEE PROGE, JR. and
D-11  BENNY BERNARD WHIGHAM,

        Defendants
_____/

**MOTION FOR LEAVE TO FILE DECLARATIONS UNDER SEAL**

    NOW COMES CARLOS POWELL, defendant herein, by and through his attorney, N. C. Deday LaRene, and on behalf of himself and the defendants ERIC JEROME POWELL, ERNEST LEE PROGE, JR. and BENNY BERNARD WHIGHAM, moves this Honorable Court for the entry of an Order providing that any declaration addressing the matter of "standing" which may be filed in connection with their reply to the government's response to their motion to suppress evidence may be filed under seal, and in support of the said motion say as follows:

    1. They are among the defendants in the above-captioned case, charged in the within indictment with various violations of 21 U.S.C. §§ 841(a)(1) and 846, as well as 18 U.S.C. §§ 924(c)(1) and 1956.

    2. On April 15, 2012, they filed a motion to suppress certain evidence acquired in the course of the investigation which led to their prosecution, and for an evidentiary hearing in the premises.

3. In that motion they alleged that they each had "standing" to move for suppression of the items of evidence in question - *i.e.,* that the searches and seizures in question transgressed each of their legally recognized expectations of privacy.

4. On May 28, 2012 the government filed its response thereto, in the course of which it challenged each of the defendants' standing to challenge certain of the searches and seizures at issue.

5. Defendants intend to reply to that response, and as a part of that reply, and to set forth, in one or more declarations filed under the penalty of perjury pursuant to 28 U.S.C. § 1746, specific factual details upon which their claims of standing are based.

6. Of necessity, these declarations will touch on the factual matters which lie at the heart of this prosecution - the interests and relationships between the defendants and the places, vehicles, and devices which were the subjects of the investigative activity here at issue.

7. While, under *Simmons v. United States*, 390 U.S. 377 (1968), such statements cannot be used as evidence against the defendants, there is no proper purpose to be served by exposing them to public view, and in light of the continuing publicity which this case has generated, there is a risk that the public airing of these declarations may make it more difficult for a fair, impartial, and untainted jury to be selected.

8. This Court has supervisory power over its own records and files, and the inherent authority to seal documents, and in the exercise of its unquestioned in premises, should allow defendants to file any declarations in support of their reply to the government's response under seal (with, of course, copies to be furnished to the government so as to enable it to address the factual assertions made therein.

9. Pursuant to L.R. on June 7, 2012, undersigned counsel sought the concurrence of Assistant United States Attorney Steven Cares in the relief here sought, but his concurrence was not obtained.

WHEREFORE, defendant respectfully prays that this Honorable Court enter an Order providing that any declaration addressing the matter of "standing" which may be filed in connection with their reply to the government's response to their motion to suppress evidence may be filed under seal.

>Respectfully submitted,
>
>s/N. C. Deday LaRene
>LaRene & Kriger, P.L.C.
>1717 Penobscot Building
>645 Griswold Street
>Detroit, Michigan 48226
>(313) 967-0100
>E-Mail: d6644@deday.net
>Michigan State Bar No. 16420

DATED: June 8, 2012

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 12-cr-20052
                                                 Hon. Steven J. Murphy, III

D-1   CARLOS ELLIS POWELL,
D-2   ERIC JEROME POWELL,
D-5   ERNEST LEE PROGE, JR. and
D-11  BENNY BERNARD WHIGHAM,

        Defendants
_____/

## MOTION FOR LEAVE TO FILE DECLARATIONS UNDER SEAL

**Question presented.** Whether the defendants should be allowed to file declaration(s) in support of their claims of Fourth Amendment "standing" under seal.

**Principal authorities.** *Nixon v. Warner Communications, Inc.,* 435 U.S. 589 (1978); *Simmons v. United States*, 390 U.S. 377 (1968); *United States v. Domenech,* 623 F.3d 325 (6th Cir. 2010); *United States v. Shryock*, 342 F.3d 948 (9th Cir. 2003).

As the Sixth Circuit explained in *United States v. Domenech,* 623 F.3d 325, 328 (6th Cir. 2010):

> "The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *Rakas v. Illinois,* 439 U.S. 128, 132 n. 1, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). A defendant meets this burden, sometimes referred to as standing, by establishing an expectation of privacy in the place searched and society's willingness to accept the reasonableness of this expectation. *Minnesota v. Carter*, 525 U.S. 83, 88, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998). [Footnote omitted]

The government has challenged the defendants' assertions that they have Fourth Amendment "standing" to contest the several searches and seizures at issue. To meet that challenge, and to

establish their right to the evidentiary hearing they seek,[1] it is anticipated that one or more defendants will file, as an exhibit to the reply to the governments response, a declaration under the penalty of perjury pursuant to 28 U.S.C. § 1746, setting forth specific factual details upon which their claims of standing are based.

Obviously, these declarations will touch on the factual matters which lie at the heart of this prosecution - the interests and relationships between the defendants and the places, vehicles, and devices which were the subjects of the investigative activity here at issue and of this prosecution. It is anticipated that any such declaration would necessarily spell out matters which would otherwise be squarely within a defendant's Fifth Amendment privilege against self-incrimination.

Under *Simmons v. United States*, 390 U.S. 377 (1968), such statements cannot be used as evidence against the defendants, but if exposed to the public they may impair defendants' fair trial rights.[2]

---

[1] *See, e.g., United States v. Casper,* 536 F.3d 409, 412 ("A defendant is entitled to an evidentiary hearing if he alleges sufficient facts that, if proven, would justify relief."); *United States v. Howell,* 231 F.3d 615, 620 (9th Cir. 2000) ("An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist."); *United States v. Coleman,* 149 F.3d 674, 677 (7th Cir.1998) ("evidentiary hearings on motions to suppress are not granted as a matter of course but are held only when the defendant alleges sufficient facts which if proven would justify relief.").

[2] While this case has not generated the volume of publicity which has attended some other local prosecutions, the return of the indictment received some public notice, and the case - and specifically the defendant Carlos Powell, continues to be a matter of interest to the local media. *See, e.g.,* Detroit News, May 25, 2012, "Drug link in alleged bribe of Kilpatrick's dad probed," http://www.detroitnews.com/article/20120525/METRO/205250365, as viewed June 8, 2012; Detroit News, May 3, 2012 "Drug link cited in Detroit pension loan," http://www.detroitnews.com/article/20120503/METRO01/205030402 , as viewed June 8, 2012.

"Every court has supervisory power over its own records and files," *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598 (1978), and "the inherent power to seal documents," subject only to the sound exercise of its discretion. *United States v. Shryock*, 342 F.3d 948, 983 (9th Cir. 2003). Here, there is no proper purpose to be served, and the potential for much mischief to be wrought, by the public airing of the extremely private facts which the anticipated declaration(s) will address. The Court should therefore exercise its unquestioned discretion to allow any such declarations to be filed under seal.

                        Respectfully submitted,

                        s/N. C. Deday LaRene
                        LARENE & KRIGER, P.L.C.
                        1717 Penobscot Building
                        645 Griswold Street
                        Detroit, Michigan 48226
                        (313) 967-0100
                        E-Mail: d6644@deday.net
                        Michigan State Bar No. 16420

DATE: June 8, 2012

CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

I also certify that on June 8, 2012, I will provide a courtesy copy to the chambers of the Hon. Steven J. Murphy, III.

> s/N. C. Deday LaRene
> LaRene & Kriger, P.L.C.
> 1717 Penobscot Building
> Detroit, Michigan 48226
> (313) 967-0100
> E-mail: d6644@deday.net
> Michigan Bar No. P16420