UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 2:12-cr-20052-1
Civil Case No. 2:18-cv-13107

v.

HONORABLE STEPHEN J. MURPHY, III

CARLOS ELLIS POWELL,

    Defendant.

                                    /

## ORDER GRANTING MOTION FOR RECONSIDERATION [847]

The Court granted Defendant Carlos Ellis Powell a certificate of appealability because reasonable jurists could debate whether the Court should have ruled differently on Defendant's denial to represent himself at trial. ECF 846, PgID 12382. The Government then moved for reconsideration of the Court's order. ECF 847. The Government argued that the Court failed to "'indicate which specific issue or issues' are appropriate for appeal." *Id.* at 12384 (quoting 28 U.S.C. § 2253(3)). The Government also asserted that the Court made a clear error of law granting a certificate of appealability for Defendant's claim that he was denied his right to self-representation. *Id.* at 12387. For the reasons below, the Court will grant the motion for reconsideration.

To succeed on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the Court . . . [has] been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). A palpable defect is one that is "obvious, clear, unmistakable, manifest,

1

or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) (citation omitted).

First, the Court's earlier order did not address a certificate of appealability ("COA") on an issue-by-issue basis. That is a clear error of law. *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) ("A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis[.]"); *see also Nunn v. Mitchell*, No. 96-4158, 215 F.3d 1327 (table), 2000 WL 712501, at *5 (6th Cir. May 24, 2000) (per curiam) (explaining that appellate review of habeas petitions is limited to the issues in the certificate of appealability).

The Court may only issue a certificate of appealability if Defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is met if Defendant proves that reasonable jurists could debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citations and internal quotations omitted). The Court will now address the remaining seven claims in Defendant's petition. After, the Court will reconsider the claim on which it granted a certificate of appealability.

I.     Ineffective Assistance of Counsel

Defendant's first ineffective assistance of counsel claim argued that his trial counsel inadequately cross-examined the DEA agent who led the criminal investigation of Defendant. ECF 728, PgID 11195. Defendant claimed that a more thorough cross-examination would have uncovered facts that would disqualify the undersigned district judge. *Id.* But, the claim lacked merit because even though the undersigned served as United States Attorney for the Eastern District of Michigan, the Court confirmed it had no prior knowledge of the case and the United States Attorney's Office confirmed that no investigation into Defendant began until two years after the undersigned's service ended. ECF 815, PgID 12087. Because no reasonable jurist would debate the resolution of this claim, the Court will deny a certificate of appealability.

Next, Defendant argued that his counsel was ineffective because his counsel did not move to suppress evidence of cell-site location data that violated the Communications Assistance for Law Enforcement Act ("CALEA"), 47 U.S.C. §§ 1001–10. ECF 728, PgID 11203. But the CALEA claim also lacked merit because CALEA allows law enforcement to collect that type of location data. *See United States v. Espudo*, 954 F. Supp. 2d 1029, 1043 (S.D. Cal. 2013) (collecting cases). Plus, there was no question that the Government lawfully obtained warrants for Defendant's cell-site location data. ECF 202, 643. The Court will therefore deny a certificate of appealability for the second ineffective assistance of counsel claim.

Defendant's third ineffective assistance of counsel claim argued that his counsel failed to raise a Fourth Amendment objection to the Government's use of a cell-site simulator. ECF 728, PgID 11224. But the Court denied the claim because Defendant's counsel had in fact raised the objection. *See* ECF 167, PgID 1274–77. And the Government used the simulator to obtain only Defendant's phone number, which alone does not carry any privacy expectation. *United States v. Ahumada–Avalos*, 875 F.2d 681, 683 (9th Cir. 1989). And last, the Government relied in good faith on a judicially issued pen register order. *See United States v. Leon*, 468 U.S. 897, 920 (1984) (explaining that good-faith exception to the exclusionary rule). So, even if a Fourth Amendment violation had occurred, then the exclusionary rule would not have suppressed the information gained from the cell-site simulator because the officers reasonably relied on the warrant. *See id.*; ECF 815, PgID 12092. In sum, the Court will deny a certificate of appealability to the final ineffective assistance of counsel claim because no reasonable jurist would debate the outcome of the claim.

II. <u>Due Process</u>

Defendant raised a due process claim because the indictment did not list, and the jury did not determine, the kind of drugs and quantity of drugs that supported Defendant's convictions. ECF 728, PgID 11236–38. But Defendant's claim lacked merit because the indictment listed the information, *see* ECF 171, and the jury made the findings, *see* ECF 337. Thus, the Court will deny a certificate of appealability on the due process claim.

4

III. <u>Actual Innocence</u>

Next, Defendant raised an actual innocence claim for his conviction of possessing a firearm. ECF 743, PgID 11344. But the claim lacked merit because Defendant failed to present "any evidence that would make it more likely than not that no reasonable juror would have convicted him." ECF 815, PgID 12095 (quotation and citation omitted). Moreover, Defendant's challenge to the Court's sentencing guideline calculation lacked merit because the Court never applied the sentencing enhancement of which Defendant complained. *See id.* at 12096. Last, Defendant's claim of actual innocence based on recent Supreme Court precedent lacked merit because the Supreme Court holdings applied only "to underlying violent crimes, violent felonies, or the residual violent crimes clause"—not drug trafficking crimes. *Id.* at 12097–98. Because Defendant's claims of actual innocence lacked merit, the Court will also deny a certificate of appealability.

IV. <u>Resentencing</u>

Defendant's penultimate claim asserted that the Court should resentence Defendant under *Dean v. United States,* 137 S. Ct. 1170 (2017). ECF 743, PgID 11349. But, as the Court explained earlier, *Dean* does not require the Court to do so. ECF 815, PgID 12098–99. Plus, Defendant's claim for resentencing based on his money laundering charge lacked merit because the Court never sentenced Defendant above the statutory maximum. *Id.* at 12099. In all, the Court will deny a certificate of appealability because no reasonable jurist would debate the outcome of the claim.

5

V. Failure to Make Factual Findings

Defendant's final claim was that the Court needed to make factual findings under the sentencing guidelines, but the claim ultimately failed because it was procedurally defaulted and lacked merit. *Id.* at 12100. Because the Court never imposed a sentence above the statutory maximum, the Court therefore never violated Defendant's Fifth or Sixth Amendment rights when it sentenced Defendant. *See id.* at 12100–01. Thus, the Court will deny a certificate of appealability on the final claim.

VI. Reconsideration of Certificate of Appealability Regarding Defendant's Right to Self-Representation

Finally, the Government asserted that the Court made a clear error of law when it granted a certificate of appealability on Defendant's claim that he was denied the right to represent himself at trial. ECF 847, PgID 12387. Essentially, the Government argued that because Defendant already raised the claim on direct appeal, the claim is procedurally barred. *See id.*

Ordinarily, an issue disposed of on direct appeal cannot be reconsidered on a collateral attack under 28 U.S.C. § 2255. *Giraldo v. United States*, No. 94-2460, 54 F.3d 776 (table), 1995 WL 290354, at *2 (6th Cir. May 11, 1995). Still, an exception exists if there is an intervening change in law. *Id.* (citing *United States v. Prichard*, 875 F.2d 789, 790–91 (10th Cir. 1989) (per curiam)). Indeed, the Sixth Circuit has explained that an intervening change in law allows a habeas petitioner to relitigate issues. *See DuPont v. United States*, 76 F.3d 108, 110–11 (6th Cir. 1996).

The Court's earlier order granted a certificate of appealability because even though Defendant raised the Court's denial of his request to represent himself on

6

direct appeal, there were still open questions of law in the Sixth Circuit. ECF 846, PgID 12382; *see United States v. Powell*, 847 F.3d 760, 774 (6th Cir. 2017) (explaining that the standard of review for denying requests for self-representation is unclear). Although the law remains unanswered, the Court made a clear error of law because the Court may only allow a petitioner to relitigate issues if there has been an intervening change in law. *See DuPont*, 76 F.3d at 110–11.

Based on the Court's review of the case law, the issue remains unanswered in the Sixth Circuit. Thus, there has been no intervening change of law. Without the change of law, the Court must deny a certificate of appealability to Defendant because reasonable jurists would not debate whether "the petition should have been resolved in a different manner[.]" *Slack*, 529 U.S. at 484; *see DuPont*, 76 F.3d at 110–11.

**WHEREFORE**, it is hereby **ORDERED** that the motion for reconsideration [847] is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: December 3, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 3, 2020, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager