# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: April 05, 2021

Mr. Steven P. Cares
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226

Carlos Ellis Powell
U.S.P. Allenwood
P.O. Box 3000
White Deer, PA 17887

Re: Case No. 20-1894, *Carlos Powell v. USA*
Originating Case No. : 2:18-cv-13107 : 2:12-cr-20052-1

Dear Counsel and Mr. Powell,

   The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Ryan E. Orme
Case Manager
Direct Dial No. 513-564-7079

cc: Ms. Kinikia D. Essix

Enclosure

No mandate to issue

No. 20-1894

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| CARLOS ELLIS POWELL, | ) | **FILED** |
|  | ) | Apr 05, 2021 |
| Petitioner-Appellant, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | O R D E R |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent-Appellee. | ) |  |

Before: DONALD, Circuit Judge.

Carlos Ellis Powell, a federal prisoner proceeding *pro se*, appeals the district court's order denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. He has filed an application for a certificate of appealability ("COA"). *See* Fed. R. App. P. 22(b)(1).

A federal jury convicted Powell of conspiracy to possess with intent to distribute and to distribute heroin, cocaine, and marijuana; possession with intent to distribute five kilograms or more of cocaine; possession with intent to distribute one kilogram or more of heroin; possession of a firearm in furtherance of a drug-trafficking offense; being a felon in possession of a firearm; and conspiracy to launder the proceeds of the drug trafficking. These convictions stemmed from a large-scale narcotics distribution operation and related money-laundering conspiracy that Powell ran with his brother in Detroit, Michigan. The district court sentenced Powell to an aggregate term of life imprisonment plus five years.

On direct appeal, Powell challenged the district court's denial of his motion to suppress evidence derived from: (1) the collection of cellphone identification and location information; (2) the use of a GPS tracking device; and (3) the monitoring of video cameras installed on nearby utility poles. He also argued that the district court denied him his Sixth Amendment right to self-representation and that his sentences violated *Alleyne v. United States*, 570 U.S. 99 (2013), and

*Apprendi v. New Jersey*, 530 U.S. 466 (2000). This Court affirmed. *United States v. Powell*, 847 F.3d 760, 782 (6th Cir. 2017).

Powell thereafter filed a § 2255 motion, which he later supplemented, raising the following eight claims: (1) trial counsel rendered ineffective assistance by inadequately cross-examining a DEA agent and not conducting an independent investigation; (2) trial counsel rendered ineffective assistance by not moving to suppress all evidence obtained as a result of an unlawful search of his cellphone data; (3) trial counsel rendered ineffective assistance by not objecting to the use of a cell-site simulator to obtain his unlisted cellphone numbers; (4) the district court violated his due-process rights by imposing a sentence in excess of the maximum authorized by law; (5) the district court denied him his Sixth Amendment right to self-representation; (6) he is actually innocent of his conviction for possessing a firearm in furtherance of a drug-trafficking offense; (7) he is entitled to resentencing under *Dean v. United States*, 137 S. Ct. 1170 (2017); and (8) the district court violated his Fifth and Sixth Amendment rights by using uncharged conduct to convict and sentence him. Powell also filed motions for an evidentiary hearing, appointment of counsel, discovery and production of documents, an order directing the government to respond to his discovery requests, and partial summary judgment. The government opposed Powell's § 2255 motion and motion for partial summary judgment, to which Powell filed replies. The district court denied Powell's § 2255 motion, denied his miscellaneous motions, and declined to issue a COA.

Powell now seeks a COA from this Court as to his ineffective-assistance-of-counsel and self-representation claims (Claims 1, 2, 3, & 5). He also challenges the district court's rejection of his various motions. Powell's failure to raise his remaining claims in his COA application means that those claims are effectively abandoned. *See Jackson v. United States*, 45 F. App'x 382, 385 (6th Cir. 2002) (per curiam). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). In order to be entitled to a COA, the movant must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to

proceed further." *Miller-El*, 537 U.S. at 327. When the district court's denial is based on a procedural ruling, the petitioner must demonstrate that "jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

*Claims 1, 2, & 3*. Powell's first three claims concern allegations that trial counsel provided ineffective assistance. To prove ineffective assistance of trial counsel, a petitioner must show that his attorney's performance was objectively unreasonable and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Generally, prejudice means "a reasonable probability" that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Powell first argued that counsel was ineffective for not conducting an independent investigation into whether the presiding district court judge—Judge Stephen J. Murphy III—was subject to recusal under 28 U.S.C. § 455(a) and (b)(3) given that he was the United States Attorney for the Eastern District of Michigan from 2005 until his appointment to the federal bench in 2008. Powell noted that Special Agent Edward Donovan—the lead DEA agent on the case—purportedly testified at a pretrial hearing that he started developing evidence in Powell's case in 2008. Powell argued that Judge Murphy may have been forced to recuse himself from his case had counsel cross-examined Agent Donovan about when his investigation began in 2008, and whether the DEA (or any other law enforcement agency) ever contacted the United States Attorney's Office in 2008 regarding this case.

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Recusal is also required if the judge "has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3). "In federal prosecutions, 28 U.S.C. [§] 455 requires the disqualification of a judge who has been 'of counsel' or has a 'substantial interest' in a case brought

before him." *Jenkins v. Bordenkircher*, 611 F.2d 162, 166 (6th Cir. 1979). "[T]he duty to vacate the bench is absolute in a situation where the judge was a United States attorney at the time when the case before him began," but only if "the case before him is the same as or is related to the case which was within his jurisdiction as prosecuting attorney." *Id.* (citing *United States v. Amerine*, 411 F.2d 1130 (6th Cir. 1969)).

In rejecting this claim, Judge Murphy found that Powell was not prejudiced by counsel's allegedly deficient performance because his recusal was unwarranted. To that end, Judge Murphy stated that he had no prior knowledge of Powell's case and cited an internal document from the United States Attorney's Office showing that it did not open its investigation into Powell until March 16, 2010—nearly two years after his tenure as United States Attorney had ended. Noting that Powell presented no evidence to substantiate his allegations of judicial bias, Judge Murphy determined that Powell's speculation that he had prior knowledge of his case was an insufficient basis for recusal or disqualification. *See Gen. Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990) ("[C]onclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification."). Reasonable jurists could not debate the district court's rejection of this claim.

Next, Powell argued that the search warrants that the DEA agents obtained to acquire his cell-site location information ("CSLI") violated the Communications Assistance for Law Enforcement Act ("CALEA"), 47 U.S.C. §§ 1001-1010. He specifically argued that the CALEA prohibits law-enforcement officials from obtaining a person's CSLI "solely pursuant" to Title III of the Electronic Communications Privacy Act, Pub. L. No. 99-508, 100 Stat. 1848, 1873 (1986) (codified as amended at 18 U.S.C. §§ 3121-27) ("Pen/Trap Statute").[1] *See* 47 U.S.C. § 1002(a)(2)(B). Thus, according to Powell, counsel was ineffective for not moving to suppress all evidence that the DEA obtained because of the warrants.

---

[1] Under the Pen/Trap Statute, a court is required to authorize the use of a pen register or trap and trace device "if the court finds that the attorney for the Government has certified to the court that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation." 18 U.S.C. § 3123(a)(1).

In denying this claim, the district court observed that, while the CALEA clearly bars the government from obtaining a person's CSLI by simply certifying that that information is somehow relevant to an ongoing criminal investigation, it does not explicitly articulate what standard the government must meet to obtain that information. *See United States v. Cooper*, No. 13-cr-00693-SI-1, 2015 WL 881578, at *3 (N.D. Cal. Mar. 2, 2015). The district court thus concluded that, absent congressional intent to the contrary, Rule 41 of the Federal Rules of Criminal Procedure is the general default procedure governing searches and seizures. *See United States v. Espudo*, 954 F. Supp. 2d 1029, 1032 (S.D. Cal. 2013); *see also In re Application of the U.S. for an Order (1) Authorizing the Use of a Pen Register & a Trap & Trace Device*, 396 F. Supp. 2d 294, 322 (E.D.N.Y. 2005)). The district court determined that the government had made the requisite showing of probable cause when it obtained the warrants for the CSLI. *See* Fed. R. Crim. P. 41(d)(1). It also rejected Powell's contention that the CALEA categorically prohibits the government from acquiring CSLI (including via a search warrant) as being both unsupported and belied by legal authority. *See Espudo*, 954 F. Supp. 2d at 1035 (collecting cases). Considering the foregoing, reasonable jurists could not debate the district court's determination that Powell was not prejudiced by counsel's allegedly deficient performance.

Lastly, Powell argued that counsel was ineffective for not arguing that the DEA agents' usage of a cell-site simulator[2] to obtain his unlisted cellphone numbers constituted a "search" within the meaning of the Fourth Amendment, thus requiring a warrant based on probable cause. The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." U.S. Const. amend. IV. A search occurs for the purposes of the Fourth Amendment "when the government violates a subjective expectation of privacy that society recognizes as reasonable." *Kyllo v. United States*, 533 U.S. 27, 33 (2001).

---

[2] A cell-site simulator is "a device that pretends to be a cell tower and harvests identifying information, including location data, about every phone that responds to its signals." *United States v. Sanchez-Jara*, 889 F.3d 418, 419 (7th Cir. 2018).

Under the so-called "third-party doctrine," a person ordinarily lacks a reasonable expectation of privacy in information he has voluntarily disclosed to a third party. *Smith v. Maryland*, 442 U.S. 735, 743-44 (1979); *United States v. Miller*, 425 U.S. 435, 443 (1976). In *Carpenter v. United States*, 138 S. Ct. 2206 (2018), the Supreme Court carved out a "narrow" exception to the third-party doctrine, holding that "an individual maintains a legitimate expectation of privacy in the record of his physical movements as captured through CSLI," *id.* at 2217, 2220. But unlike the facts in *Carpenter*, the DEA agents utilized a cell-site simulator in this case only to obtain the numbers of Powell's various cellphones, not to verify Powell's location or to track his movements. *See Powell*, 847 F.3d at 770 n.5. Indeed, the district court noted—and Powell tacitly acknowledged in his § 2255 motion—that the DEA agents were well aware of Powell's location when they used the cell-site simulator during its investigation. The district court thus concluded that, because Powell had no expectation of privacy in his unlisted phone numbers, *see United States v. Ahumada-Avalos*, 875 F.2d 681, 683 (9th Cir. 1989), the DEA agents' warrantless use of a cell-site simulator did not violate the Fourth Amendment.

The district court alternatively concluded that, even if the agents' warrantless usage of a cell-site simulator did run afoul of the Fourth Amendment, suppression was not required because the DEA agents acted in good-faith reliance on existing law when they obtained Powell's unlisted cellphone numbers. *See United States v. Pritchard*, 964 F.3d 513, 528-29 (6th Cir. 2020) (holding that warrantless CSLI searches conducted before the Supreme Court's 2018 decision in *Carpenter* does not require suppression if the officers acted in good-faith reliance on existing law when they obtained the data). Based on the foregoing, reasonable jurists could not debate the district court's conclusion that Powell was not prejudiced by counsel's failure to raise a constitutional challenge to the DEA agents' usage of a cell-site simulator.

*Claim 5*. Powell argued that the district court denied him his Sixth Amendment right to waive counsel and proceed *pro se* at trial. *See Faretta v. California*, 422 U.S. 806, 835 (1975). But Powell made—and this Court rejected—this exact argument on direct appeal. *See Powell*, 847 F.3d at 774-77. "Absent exceptional circumstances, or an intervening change in the case law,

[Powell] may not use his § 2255 petition to relitigate this issue." *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999) (citing *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996), and *DuPont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996)). Such circumstances are not present here. Reasonable jurists could not debate the district court's denial of this claim.

*Miscellaneous Motions*. Reasonable jurists also could not debate the district court's denial of Powell's miscellaneous motions. The district court was not required to hold an evidentiary hearing because "the record refutes [Powell's] factual allegations or otherwise precludes" relief under § 2255. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Moreover, there is no constitutional right to counsel in a § 2255 proceeding. *See Post v. Bradshaw*, 422 F.3d 419, 423 n.1 (6th Cir. 2005). If no evidentiary hearing is conducted, as was the case here, the appointment of counsel is discretionary and "is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). The interests of justice and due process did not require the appointment of counsel in this matter.

Finally, the district court's rejection of all eight of Powell's claims rendered Powell's motions for partial summary judgment moot. While Powell filed discovery-related motions—in which he sought the production of certain documents and an order directing the government to respond to his discovery requests—it is well settled that "a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)). Powell failed to make such a showing.

Accordingly, Powell's COA application is **DENIED**.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk